IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY 1996 SESSION

FILED

May 14, 1998

Cecil W. Crowson
Appellate Court Clerk

JONAS ROME COLE,          )
                          )
          Appellant,      )     No. 01C01-9509-CC-00294
                          )
                          )     Davidson County
v.                        )
                          )     Honorable Walter C. Kurtz, Judge
                          )
STATE OF TENNESSEE,       )     (Post-Conviction)
                          )
          Appellee.       )


For the Appellant:

Richard McGee
Washington Square Two, Suite 417
222 Second Avenue, North
Nashville, TN 37201

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
          and
Karen M. Yacuzzo
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
          and
D. Paul DeWitt
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue, North
Nashville, TN 37201-1649


OPINION FILED:_____


AFFIRMED


Joseph M. Tipton
Judge

# O P I N I O N

The petitioner, Jonas Rome Cole, appeals as of right from the Davidson County Circuit Court's dismissal of his petition for post-conviction relief after an evidentiary hearing. The trial court dismissed the petition, holding that it was barred by the applicable statute of limitations and that the issues raised in the petition were without merit. The petitioner contends that the petition is not barred by the statute of limitations. He argues that he is entitled to post-conviction relief because he received the ineffective assistance of counsel at trial and on appeal, his equal protection rights were violated by the state's discriminatory exercise of its peremptory challenges, and the reasonable doubt jury instruction that was given at his trial allowed the jury to convict him based on a lower standard of proof than is constitutionally required. We affirm the judgment of the trial court.

In 1988, the petitioner was convicted of first degree murder and employing a firearm during the commission of a felony. He received consecutive sentences of life imprisonment and five years, respectively. This court affirmed his convictions. State v. Jonis Rome Cole, No. 88-311-III, Davidson County (Tenn. Crim. App. Nov. 7, 1989), app. denied (Tenn. Mar. 5, 1990). In 1991, the petitioner filed a post-conviction petition alleging numerous grounds for relief. Pursuant to an agreed order, the petitioner was granted a delayed appeal on a suppression issue, while the remaining grounds of the petition were dismissed as having been waived or previously determined. Subsequently, this court held that the petitioner was not entitled to relief on the suppression issue. Jonis Rome "Mack" Cole v. State, No. 01-C-01-9203-CR-00113, Davidson County (Tenn. Crim. App. Feb. 18, 1993), app. denied (Tenn. June 7, 1993).

The present petition for post-conviction relief was filed on January 5, 1995. The petition alleges that the petitioner received the ineffective assistance of

2

counsel at trial and on appeal, that the state violated his equal protection rights by exercising its peremptory challenges in a discriminatory manner, and that the reasonable doubt jury instruction given at the petitioner's trial allowed the jury to convict him based on a lower standard of proof than is constitutionally required. The trial court addressed the substance of the petitioner's claims and held that the petitioner was not entitled to relief on any of the grounds raised. The court also held that the petition is barred by the applicable statute of limitations, T.C.A. § 40-30-102 (repealed 1995), and noted that the petitioner may have waived his grounds for relief.

## I. STATUTE OF LIMITATIONS

Initially, the petitioner contends that the trial court erred by concluding that the petition was barred by the applicable statute of limitations, T.C.A. § 40-30-102 (repealed 1995), because the petition was filed within three years of the time that the supreme court denied review of his delayed appeal. The state asserts that the post-conviction statute of limitations began to run on March 5, 1990, when the supreme court denied review of the petitioner's direct appeal. The state argues that because a delayed appeal is merely a post-conviction remedy and is not an appeal as of right as contemplated under Rule 3, T.R.A.P., the granting of a delayed appeal does not toll the statute of limitations.

Although we agree with the state that a delayed appeal is a post-conviction remedy, we also note that a delayed appeal granted through post-conviction relief is the equivalent of that which should have occurred in a direct appeal from the convicting case. The Post-Conviction Procedure Act only authorizes delayed appeals in instances in which a "petitioner was denied his right to an appeal from his original conviction in violation of the Constitution of the United States or the Constitution of Tennessee . . . ." T.C.A. § 40-30-120 (repealed 1995); see also T.C.A. § 40-30-213.

3

In this vein, a delayed appeal takes the place of a direct appeal, and the same rights attach to a delayed appeal as those that attach to a direct appeal.

Under T.C.A. § 40-30-102 (repealed 1995), a petitioner may petition for post-conviction relief "within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken." Because we view a delayed appeal as being the equivalent of a direct appeal, we believe that the petitioner had three years from the final action on the delayed appeal to file a post-conviction petition. However, we also recognize that the scope of a post-conviction hearing only extends to grounds for relief that have not been waived or previously determined. T.C.A. § 40-30-111 (repealed 1995); House v. State, 911 S.W.2d 705 (Tenn. 1995). Thus, in practice, the petitioner is limited to post-conviction claims that arose out of the delayed appeal.

## II. PEREMPTORY CHALLENGES

The petitioner contends that he is entitled to post-conviction relief because his equal protections rights were violated during voir dire when the state exercised three peremptory challenges to exclude black potential jurors from the jury. See Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986). The petitioner argues that this issue has not been previously determined because he has not had a full and fair hearing on it. We disagree.

"A ground for relief is 'previously determined' if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T.C.A. § 40-30-112 (repealed 1995). In House v. State, 911 S.W.2d 705 (Tenn. 1995), our supreme court determined that a full and fair hearing is provided when a petitioner is given an opportunity to present his or her constitutional claims at a meaningful time and in a meaningful manner, that is, without undue restriction of the scope of the hearing or undue limitation on the introduction or presentation of evidence. Id. at 711.

4

At trial, the petitioner's counsel objected to the state's use of peremptory challenges and moved for a mistrial. The trial court denied the motion as being premature. During the petitioner's direct appeal, this court upheld the trial court's ruling and stated, "In addition, the facts as stated in this case do not present a prima facie case of a racially discriminatory purpose, requiring the State to prove a neutral explanation for its peremptory challenges." State v. Jonis Rome Cole, No. 88-311-III, Davidson County, slip op. at 2 (Tenn. Crim. App. Nov. 7, 1989). The petitioner raised the issue again in his first post-conviction petition but later agreed to the dismissal of the petition because all of the grounds raised were waived or previously determined. The issue has been previously determined. See T.C.A. § 40-30-112(a) (repealed 1995); House, 911 S.W.2d at 711.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, the petitioner contends that he is entitled to post-conviction relief because he received the ineffective assistance of counsel at trial, during his first direct appeal, and during his first post-conviction action and delayed appeal. Specifically, the petitioner contends that his attorney was ineffective for failing to properly preserve the Batson issue.

Initially, we note that the petitioner waived his ineffective assistance of trial and direct appeal counsel claims by failing to include them in his first post-conviction petition. See T.C.A. § 40-30-112(b)(1) (repealed 1995); House, 911 S.W.2d at 714. Also, insofar as the petitioner contends that his counsel was ineffective for agreeing to the dismissal of the prior post-conviction petition, he is arguing that he received the ineffective assistance of post-conviction counsel. There is no constitutional right to the effective assistance of post-conviction counsel. House, 911 S.W.2d at 712.

5

We also disagree with the petitioner's contention that counsel was ineffective for failing to raise the peremptory challenge issue during his delayed appeal. The burden was on the petitioner in the trial court to prove his allegations that would entitle him to relief by a preponderance of the evidence.[1] Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). On appeal, we are bound by the trial court's findings unless we conclude that the evidence preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). In this respect, the petitioner has the burden of illustrating how the evidence preponderates against the judgment entered. Id.

To prevail on his ineffective assistance of appellate counsel claim, the petitioner had the burden of demonstrating (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. See Evitts v. Lucey, 469 U.S. 387, 105 S. Ct. 830 (1985); Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995). Also, we note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland v. Washington, 466 U.S. 668, 697, 104 S. Ct. 2052, 2069 (1984).

In this case, the petitioner failed to demonstrate that his delayed appeal counsel was deficient or that he was prejudiced by his counsel's failure to raise the peremptory challenge issue during his delayed appeal. As previously discussed, this court determined that the issue was without merit during the petitioner's direct appeal. Thus, the petitioner's delayed appeal counsel was not deficient for failing to raise the

---

[1] For post-conviction petitions filed after May 10, 1995, petitioners have the burden of proving factual allegations by clear and convincing evidence. T.C.A. § 40-30-210(f).

6

issue, and the petitioner has suffered no prejudice from his counsel's decision not to raise the issue.

## IV. REASONABLE DOUBT INSTRUCTION

Finally, the petitioner contends that he is entitled to post-conviction relief because the use of the term "moral certainty" in the reasonable doubt jury instruction given at his trial allowed the jury to convict him based on a lower standard of proof than is constitutionally required. The petitioner cites Victor v. Nebraska, 511 U.S. 1, 114 S. Ct. 1239 (1994) and Rickman v. Dutton, 864 F.Supp. 686 (M.D. Tenn. 1994), aff'd sub nom. Rickman v. Bell, 131 F.3d 1150 (6th Cir. 1997), petition for cert. filed, 66 U.S.L.W. 3604 (U.S. Mar. 2, 1998), in support of his argument. The state counters that the petitioner has waived the issue by failing to raise it at trial, on direct appeal, or in the first post-conviction petition. The state also contends that the reasonable doubt instruction given at the petitioner's trial was a proper statement of the law.

The petitioner has offered no explanation for his failure to raise the reasonable doubt jury instruction issue in any of his prior proceedings. Although we recognize that Victor and Rickman were decided after the petitioner's trial, direct appeal, and first post-conviction case, these cases did not announce a new rule of constitutional law. See Charles Michael Gentry v. State, No. 01C01-9704-CR-00119, Davidson County (Tenn. Crim. App. Feb. 23, 1998). Moreover, the Supreme Court analyzed the constitutional sufficiency of a reasonable doubt jury instruction in Cage v. Louisiana, 498 U.S. 39, 111 S. Ct. 328 (1990), before the petitioner filed his first petition for post-conviction relief. Therefore, the petitioner had the opportunity to raise the issue during his first post-conviction action and failed to do so. This constitutes a waiver. See T.C.A. § 40-30-112 (repealed 1995); House, 911 S.W.2d at 714.

In any event, the courts of this state have repeatedly upheld the use of the phrase "moral certainty" in the context of the reasonable doubt jury instruction given at the petitioner's trial.  See Nichols v. State, 877 S.W.2d 722, 734 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364, 366 (Tenn. Crim. App. 1994); see also Austin v. Bell, 126 F.3d 843, 846-47 (6th Cir. 1997).  The issue is without merit.

In consideration of the foregoing and the record as a whole, we affirm the dismissal of the petitioner's post-conviction petition.

_____
_____Joseph M. Tipton, Judge


CONCUR:


_____
Gary R. Wade, Judge


_____
William M. Barker, Judge